**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| QWIK RISE LLC d/b/a SUD FACTORY,<br><br>Plaintiff,<br><br>v.<br><br>MATISSE PARTNERS LLC,<br>CHRISTOPHER P. CAPORALE,<br>KENNETH C. FORDHAM III,<br>SUD'S FACTORY IP HOLDER LLC,<br>BROOMALL CAR WASH LLC,<br>RHAWNHURST CAR WASH LLC,<br>OXFORD AVE CAR WASH LLC,<br>CHESTER PIKE CAR WASH LLC, and<br>BUSTLETON PIKE CAR WASH LLC,<br><br>Defendants. | Civil Action No. 26-cv-8302 |

**COMPLAINT**

Plaintiff Qwik Rise LLC d/b/a Sud Factory ("Qwik Rise" or "Plaintiff"), by and through its undersigned counsel, brings this action against defendants Matisse Partners LLC ("Matisse"), Christopher P. Caporale ("Caporale"), Kenneth C. Fordham III ("Fordham"), Sud's Factory IP Holder LLC, Broomall Car Wash LLC, Rhawnhurst Car Wash LLC, Oxford Ave Car Wash LLC, Chester Pike Car Wash LLC, and Bustleton Pike Car Wash LLC (collectively, "Defendants"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This trademark case arises from Defendants' choice to keep branding their Philadelphia-area car washes SUD'S FACTORY and SUDS FACTORY (collectively, "SUD'S

FACTORY" or the "challenged names") after they themselves reported that consumers were repeatedly confusing their car washes with Qwik Rise's SUD FACTORY car-care products.

2. Qwik Rise is the senior user of SUD FACTORY for automobile cleaning products and owns a federal registration for the mark. Since 2019, Qwik Rise has invested substantially in building recognition and goodwill in the SUD FACTORY mark.

3. In February 2024, Defendant Caporale told Qwik Rise that consumers were repeatedly confusing the two businesses. Nineteen months later, in September 2025, Defendants Caporale and Fordham signed and filed a Pennsylvania fictitious-name filing formalizing that same brand for multiple car-wash locations. Defendants then continued using the challenged names even after receiving Qwik Rise's written trademark infringement notices.

4. That use falsely associated the parties' businesses, diverted the recognition Qwik Rise built, and impaired Qwik Rise's control over its brand identity and reputation.

5. Defendants' rebranding in June 2026 and the ownership transition they announced in or about July 2026 neither compensate Qwik Rise for the preceding confusion nor undo the profits Defendants earned during the period of infringement.

6. Qwik Rise seeks an accounting, recovery of each Defendant's profits attributable to the infringement, compensation for its losses, and corrective relief.

## II. PARTIES

7. Plaintiff Qwik Rise LLC is a Hawaii limited liability company with its principal place of business in Ewa Beach, Hawaii.

8. Qwik Rise does business as Sud Factory and owns U.S. Registration No. 7,847,243 for SUD FACTORY for “Cleaning preparations for automobiles” in International Class 003.

### A. THE PRINCIPAL DEFENDANTS

#### i. Matisse Partners LLC

9. Defendant Matisse Partners LLC (“Matisse”) is a Delaware limited liability company whose registered agent, Registered Agent Solutions, Inc., is located at 838 Walker Road, Suite 21-2, Dover, Delaware 19904.

10. Upon information and belief, Matisse served as the management entity and operational hub of the Sud's Factory Car Wash enterprise.

11. Matisse's ownership, and whether and how much revenue or other financial benefit passed through it, are matters within Defendants' knowledge and control and will be established through discovery.

**ii. Christopher P. Caporale**

12. Defendant Christopher P. Caporale ("Caporale") is an individual residing in Pennsylvania. Upon information and belief, Caporale's mailing address is 851 Duportail Road, 2nd Floor, Chesterbrook, Pennsylvania 19087.

13. In February 2024, Caporale held himself out as a representative of Matisse and, using his Matisse email address, contacted Qwik Rise about customer confusion.

14. On September 16, 2025, Caporale signed and filed a Pennsylvania Department of State fictitious-name registration for "Sud's Factory Car Wash." The filing describes the business as a "Car wash brand for our locations located in the Philadelphia area" and lists Caporale as an individual interested in the business. Caporale signed it in his individual capacity.

15. Upon information and belief, Caporale personally participated in or authorized continued commercial use of SUD'S FACTORY and personally received compensation, distributions, or other financial benefits from the enterprise.

**iii. Kenneth C. Fordham III**

16. Defendant Kenneth C. Fordham III ("Fordham") is an individual residing in Pennsylvania. Upon information and belief, Fordham's mailing address is 851 Duportail Road, 2nd Floor, Chesterbrook, Pennsylvania 19087.

17. Fordham held himself out as a representative of Matisse and identified himself as Matisse's Managing Partner.

18. On September 16, 2025, Fordham signed and filed a Pennsylvania Department of State fictitious-name registration for “Sud’s Factory Car Wash.” The filing describes the business as a "Car wash brand for our locations located in the Philadelphia area" and lists Fordham as an individual interested in the business. Fordham signed it in his individual capacity.

19. Upon information and belief, Fordham personally participated in or authorized continued commercial use of SUD'S FACTORY and personally received compensation, distributions, or other financial benefits from the enterprise.

20. Matisse, Caporale, and Fordham are referred to collectively herein as the "Principal Defendants."

## B. THE OPERATING DEFENDANTS

### iv. Broomall Car Wash LLC

21. Defendant Broomall Car Wash LLC is a Pennsylvania limited liability company organized on May 29, 2020.

22. Its registered office, as listed with the Pennsylvania Department of State, is 6 Wellfleet Lane, Glen Mills, Pennsylvania 19342.

23. During the relevant period, Broomall Car Wash LLC operated the Sud's Factory Car Wash location at 3046 West Chester Pike, Broomall, Pennsylvania 19008, which Defendants also referred to as the "Broomall" location, and which operated under the Sud's Factory name from at least as early as May 2023.

24. Broomall Car Wash LLC used SUD'S FACTORY to advertise and sell car-wash services and memberships from that location.

**v. Rhawnhurst Car Wash LLC**

25. Defendant Rhawnhurst Car Wash LLC is a Pennsylvania limited liability company organized on September 8, 2020.

26. Its registered office, as listed with the Pennsylvania Department of State, is 6 Wellfleet Lane, Glen Mills, Pennsylvania 19342.

27. During the relevant period, Rhawnhurst Car Wash LLC operated the Sud's Factory Car Wash location at 7930 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152, which Defendants also referred to as the "Roosevelt Boulevard" location and which operated under the Sud's Factory name from at least as early as June 2021.

28. Rhawnhurst Car Wash LLC used SUD'S FACTORY to advertise and sell car-wash services and memberships from that location.

**vi. Oxford Ave Car Wash LLC**

29. Defendant Oxford Ave Car Wash LLC is a Pennsylvania limited liability company organized on May 26, 2021.

30. Its registered office, as listed with the Pennsylvania Department of State, is 6 Wellfleet Lane, Glen Mills, Pennsylvania 19342.

31. During the relevant period, Oxford Ave Car Wash LLC operated the Sud's Factory Car Wash location at 7885 Oxford Avenue, Philadelphia, Pennsylvania 19111, which Defendants also referred to as the "Fox Chase" location, and which operated under the Sud's Factory name from at least as early as October 2022.

32. Oxford Ave Car Wash LLC used SUD'S FACTORY to advertise and sell car-wash services and memberships from that location.

**vii. Chester Pike Car Wash LLC**

33. Defendant Chester Pike Car Wash LLC is a Pennsylvania limited liability company organized on November 8, 2023.

34. Its registered office, as listed with the Pennsylvania Department of State, is 851 Duportail Road, 2nd Floor, Chesterbrook, Pennsylvania 19087.

35. During the relevant period, Chester Pike Car Wash LLC operated the Sud's Factory Car Wash location at 1205 Chester Pike, Sharon Hill, Pennsylvania 19079, which Defendants

also referred to as the "Sharon Hill" location, and which operated under the Sud's Factory name from at least as early as November 2025.

36. Chester Pike Car Wash LLC used SUD'S FACTORY to advertise and sell car-wash services and memberships from that location.

**viii. Bustleton Pike Car Wash LLC**

37. Defendant Bustleton Pike Car Wash LLC is a Pennsylvania limited liability company organized on December 6, 2023.

38. Its registered office, as listed with the Pennsylvania Department of State, is 851 Duportail Road, 2nd Floor, Chesterbrook, Pennsylvania 19087.

39. During the relevant period, Bustleton Pike Car Wash LLC operated the Sud's Factory Car Wash location at 607 Bustleton Pike, Feasterville, Pennsylvania 19053, which Defendants also referred to as the "Feasterville" location, and which operated under the Sud's Factory name from at least as early as June 2025.

40. Bustleton Pike Car Wash LLC used SUD'S FACTORY to advertise and sell car-wash services and memberships from that location.

41. Broomall Car Wash LLC, Rhawnhurst Car Wash LLC, Oxford Ave Car Wash LLC, Chester Pike Car Wash LLC, and Bustleton Pike Car Wash LLC are referred to collectively as the "Operating Defendants."

42. Each Operating Defendant generated sales or gross receipts from car-wash services or car-wash memberships marketed under SUD'S FACTORY and maintains, or formerly maintained, records relevant to determining those sales and receipts.

### C. THE INTELLECTUAL-PROPERTY HOLDING DEFENDANT

#### ix. Sud's Factory IP Holder LLC

43. Defendant Sud's Factory IP Holder LLC is a Pennsylvania limited liability company organized on July 12, 2021.

44. Its registered office, as listed with the Pennsylvania Department of State, is 3582 Muirwood Drive, Newtown Square, Pennsylvania 19073.

45. Upon information and belief, Sud's Factory IP Holder LLC permitted or facilitated the Operating Defendants' use of the challenged names.

## III. JURISDICTION AND VENUE

### A. SUBJECT-MATTER JURISDICTION

46. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

47. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1338(a) because Qwik Rise asserts claims arising under an Act of Congress relating to trademarks.

48. This Court has subject-matter jurisdiction under 28 U.S.C. § 1338(b) over Qwik Rise's related unfair-competition claims.

49. This Court has supplemental jurisdiction over Qwik Rise's Pennsylvania common-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Qwik Rise's federal trademark claims.

### B. Personal Jurisdiction

50. Qwik Rise's claims against Matisse arise from Matisse's participation in the enterprise's use of SUD'S FACTORY in Pennsylvania, and this Court has personal jurisdiction over Matisse because Matisse purposefully directed suit-related activities in Pennsylvania.

51. This Court has personal jurisdiction over Caporale and Fordham because each person resides in Pennsylvania. Independently, each personally participated in the suit-related conduct in Pennsylvania, including by signing and filing the September 2025 Pennsylvania fictitious-name filing that adopted "Sud's Factory Car Wash" as the brand for the Philadelphia-area car-wash locations.

52. This Court has personal jurisdiction over the Operating Defendants because each is organized under Pennsylvania law. In addition, each operated a car-wash location within this District and used SUD'S FACTORY there to advertise and sell car-wash services and memberships and to generate sales and gross receipts.

53. This Court has personal jurisdiction over Sud's Factory IP Holder LLC because it is organized under Pennsylvania law. In addition, it claimed rights in SUD'S FACTORY

and, upon information and belief, permitted or facilitated the use of the challenged names at car-wash locations within this District.

### C. VENUE

54. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Qwik Rise's claims occurred in this District.

55. Defendants used SUD'S FACTORY at car-wash locations within this District and through related signage, websites, advertising, social media, online listings, membership platforms, and other customer-facing communications.

56. The Principal Defendants participated in or directed branding, management, or related conduct concerning the enterprise and its Pennsylvania locations.

57. The Operating Defendants generated the sales and gross receipts at issue from locations within this District.

58. The announced ownership transition described below concerned the Roosevelt Boulevard, Broomall, Fox Chase, and Feasterville locations, each of which is within this District.

## IV. FACTUAL BACKGROUND

### A. QWIK RISE'S SENIOR SUD FACTORY RIGHTS

59. Qwik Rise was formed as a Hawaii limited liability company on June 5, 2019.

60. Qwik Rise registered SUD FACTORY as its trade name with the Hawaii Department of Commerce and Consumer Affairs on June 8, 2019.

61. Qwik Rise sells automobile cleaning preparations and related automotive cleaning products under the SUD FACTORY mark.

62. Qwik Rise has continuously used SUD FACTORY in interstate commerce since June 2019.

63. Qwik Rise sells its SUD FACTORY products primarily through e-commerce channels, including its website, online marketplaces, and other internet-based sales platforms.

64. From 2019 through 2025, Qwik Rise generated more than $10 million in gross sales from products sold under the SUD FACTORY mark.

65. Qwik Rise has sold and distributed SUD FACTORY products to consumers throughout the United States, including consumers in Pennsylvania.

66. As early as 2019, Qwik Rise made sales to Pennsylvania consumers and directed advertising for SUD FACTORY products to Pennsylvania consumers.

67. Qwik Rise owns U.S. Registration No. 7,847,243 for SUD FACTORY for "Cleaning preparations for automobiles" in International Class 003. A true and correct copy of the registration certificate is attached as Exhibit A.

68. Registration No. 7,847,243 issued on July 1, 2025, and remains active.

### B. QWIK RISE'S ADVERTISING INVESTMENT AND GOODWILL

69. Qwik Rise relies heavily on online search, website traffic, digital advertising, marketplace listings, and customer reviews to promote and sell its products.

70. From 2019 through 2025, Qwik Rise invested more than $4 million in online advertising and related marketing to promote its products and develop consumer recognition of SUD FACTORY.

71. Qwik Rise relied on consumers recognizing and locating its business online by the SUD FACTORY name when searching for products, evaluating customer experiences, and making buying decisions.

72. Through its continuous use, substantial sales, advertising investment, and customer recognition, Qwik Rise developed substantial goodwill in SUD FACTORY.

73. The value of that investment depends on consumers accurately associating SUD FACTORY with Qwik Rise's products and online business.

### C. DEFENDANTS' USE OF THE CHALLENGED NAMES

74. The Operating Defendants operated car-wash locations under SUD'S FACTORY in the Philadelphia area.

75. Those locations included the Broomall, Roosevelt Boulevard, Fox Chase, Sharon Hill, and Feasterville locations identified in Section II above.

76. Defendants used the challenged names on physical signage, their website (www.sudsfactorycarwash.com), social media (such as Instagram @suds_factory), Google Business Profiles, online directories, customer portals, membership platforms, and in advertising. Representative photographs of signage and captures of website, social media advertising, and online listings displaying the challenged names are attached as Exhibit B.

77. Although the locations operated through separate legal entities, Defendants presented them to consumers as parts of a common business and brand: Sud’s Factory Car Wash.

78. SUD FACTORY, SUD’S FACTORY, and SUDS FACTORY are nearly identical in appearance, sound, meaning, and overall commercial impression.

SUD FACTORY
AUTO DETAIL CHEMICALS

SUD'S
FACTORY
CAR WASH

79. The apostrophe and pluralization differences do not materially distinguish the names as consumers encounter and pronounce them.

80. The additional words “Car Wash” describe Defendants’ services and do not materially distinguish the source-identifying portion of their names from SUD FACTORY.

## D. ACTUAL CONFUSION AND DEFENDANTS' KNOWLEDGE

81. On February 21, 2024, Caporale contacted Qwik Rise concerning recurring consumer confusion between the parties' business names.

82. Using his cc@matissepartners.com email address and a Matisse Partners signature block, Caporale stated: "Can someone please reach out to discuss an issue we keep having with your business name and our business name. We have customers on a monthly basis leaving us reviews that are meant for your business."



**From:** Chris Caporale <cc@matissepartners.com>
**Sent:** Wednesday, February 21, 2024 4:45 PM
**To:** Support@sudfactory.com
**Cc:** Angie Poulin
**Subject:** RE:Name-Sud factory/Sud's Factory

Can someone please reach out to discuss an issue we keep having with your business name and our business name. We have customers on a monthly basis leaving us reviews that are meant for your business.

MATISSE PARTNERS

Christopher Caporale
cc@matissepartners.com | 484.319.7631
Matisse Partners LLC
matissepartners.com

83. A true and correct copy of Caporale's February 21, 2024, email is attached as Exhibit C.

84. Caporale therefore knew of the recurring confusion no later than February 21, 2024.

85. Actual confusion also occurred in the opposite direction. Qwik Rise received communications from consumers seeking to cancel car-wash memberships that Qwik Rise did not sell or provide.

86. Those consumers contacted Qwik Rise because they mistakenly believed that Qwik Rise was associated with the car-wash membership business operated under SUD'S FACTORY.

**Alfred** [redacted] Thu, Mar 7, 2024, 9:59 AM
to me

Tag number is PA. tag:
[redacted]

Stop automatically charging my debit card.
Thanks
Sent from my iPhone

87. A true and correct copy of a representative membership-cancellation request and Qwik Rise's response is attached as Exhibit D.

88. These communications show that the differences between the parties' products, services, and locations did not prevent consumers from confusing their respective businesses.

89. The misdirected reviews attributed customer experiences involving Qwik Rise to the car-wash enterprise, diverting recognition of Qwik Rise's products and business.

90. Upon information and belief, the confusing similarity of the names also enabled the Operating Defendants to benefit commercially from the recognition and goodwill generated by Qwik Rise's advertising investment in the SUD FACTORY mark.

91. The mistaken association exposed Qwik Rise's reputation to car-wash services, car-wash memberships, and business practices over which it had no control.

## E. USPTO AND TTAB HISTORY

92. On July 12, 2021, Defendant Sud's Factory IP Holder LLC filed to register SUD'S FACTORY for "Automobile cleaning and car washing; Vehicle washing" in International Class 037 under U.S. Application Serial No. 90/823,622.

93. Caporale signed the application as President of Sud's Factory IP Holder LLC.

94. The application claimed first use of SUD'S FACTORY in commerce at least as early as June 2021, more than two years after Qwik Rise began using SUD FACTORY continuously in commerce.

95. On July 19, 2022, the USPTO issued Registration No. 6,796,508 for SUD'S FACTORY to Sud's Factory IP Holder LLC.

96. On March 18, 2024, Qwik Rise filed to register SUD FACTORY for "Cleaning preparations for automobiles" in International Class 003 under U.S. Application Serial No. 98/455,008.

97. Qwik Rise's application claimed first use of SUD FACTORY in commerce at least as early as June 2019, two years before the June 2021 first-use date claimed by Sud's Factory IP Holder LLC for SUD'S FACTORY.

98. On October 31, 2024, the USPTO issued an Office Action refusing Qwik Rise's registration under Section 2(d) of the Lanham Act based on the examining attorney's conclusion that SUD FACTORY was likely to cause confusion with Registration No. 6,796,508 for SUD'S FACTORY.

99. On December 30, 2024, Qwik Rise commenced TTAB Cancellation No. 92087144 against the SUD'S FACTORY trademark registration. A true and correct copy of Qwik Rise's petition for cancellation is attached as Exhibit E.

100. Qwik Rise's cancellation petition asserted priority and likelihood of confusion based on Qwik Rise's use of SUD FACTORY beginning in 2019 and Sud's Factory IP Holder LLC's claimed first use of SUD'S FACTORY beginning in 2021.

101. Sud's Factory IP Holder LLC appeared through counsel and answered the cancellation petition. A true and correct copy of Sud's Factory IP Holder LLC's answer is attached as Exhibit F.

102. On April 9, 2025, while the cancellation proceeding was pending, Sud's Factory IP Holder LLC voluntarily surrendered its SUD'S FACTORY registration without Qwik Rise's written consent. A true and correct copy of Sud's Factory IP Holder LLC's voluntary surrender is attached as Exhibit G.

103. Under 37 C.F.R. § 2.134(a), a registrant's surrender of its registration during a cancellation proceeding without the petitioner's written consent results in judgment against the registrant.

104. The TTAB then ordered the SUD'S FACTORY registration cancelled. A true and correct copy of the TTAB's April 9, 2025, order is attached as Exhibit H.

105. Despite the cancellation, the Operating Defendants continued using the challenged names.

## F. THE COEXISTENCE DISCUSSIONS

106. In March and April 2025, Qwik Rise and Matisse, with Matisse represented by Fordham and Caporale, raised the prospect of coexistence and exchanged draft terms regarding possible coexistence.

107. The draft terms addressed geographic scope, product and merchandise restrictions, and surrender of the SUD'S FACTORY registration, and treated each of those terms as an interdependent part of a single proposed agreement.

108. Fordham proposed material changes to the geographic and merchandise terms. Qwik Rise rejected those changes and offered alternative terms.

109. On April 2, 2025, Fordham wrote that it "looks as though we are going to surrender the Trade Mark in the coming days." His message did not address, much less accept, the outstanding geographic and product restrictions.

**Coexistence Agreement**

**KC Fordham** <kc@matissepartners.com> Wed, Apr 2, 2025 at 3:23 AM
To: Qwik Rise <qwikrise@gmail.com>
Cc: Chris Caporale <cc@matissepartners.com>

Almin / Sheila,

Thanks for following up. It looks as though we are going to surrender the Trade Mark in the coming days. We wish you the best.

Have a great summer.

KC

MATISSE PARTNERS

**KC Fordham III**
Managing Partner
kc@matissepartners.com | 610.291.1989
**Matisse Partners**
matissepartners.com

110. The parties did not conclude or execute a final coexistence agreement, license, or consent agreement.

## G. THE SEPTEMBER 2025 FICTITIOUS-NAME FILING

111. In September 2025, Caporale, Fordham, and Bustleton Pike Car Wash LLC filed a Pennsylvania Registration of Fictitious Name for "Sud's Factory Car Wash."

112. The filing described the business operating under that name as a "Car wash brand for our locations located in the Philadelphia area."

113. The filing identified Caporale and Fordham as individuals interested in the business and Bustleton Pike Car Wash LLC as the association interested in the business.

114. Caporale and Fordham signed the filing individually, and Caporale also signed on behalf of Bustleton Pike Car Wash LLC.

115. A true and correct copy of the September 2025 filing is attached as Exhibit I.

### H. THE JANUARY 2026 NOTICE AND RESPONSE

116. On January 16, 2026, Qwik Rise sent a written infringement notice ("January 2026 Notice") to Fordham, Caporale, Matisse d/b/a Sud's Factory Car Wash, and Sud's Factory IP Holder LLC.

117. The notice identified Qwik Rise's claimed priority of the SUD FACTORY mark over SUD'S FACTORY, Registration No. 7,847,243, the recurring confusion reported by Caporale, and continued commercial use of SUD'S FACTORY.

118. The notice demanded cessation, removal of SUD'S FACTORY from physical and digital channels, and an accounting of sales under that name.

119. The January 2026 Notice also provided Caporale, Fordham, Matisse, and Sud's Factory IP Holder LLC with actual notice of Qwik Rise's federal registration.

120. A true and correct copy of the January 16, 2026, notice is attached as Exhibit J.

121. On February 20, 2026, counsel for the Sud's Factory Car Wash enterprise responded to the January 2026 Notice and denied that Defendants had infringed Qwik Rise's rights.

122. Counsel's stated position was that the parties offered different products and services to different markets through different trade and advertising channels.

123. Counsel also asserted that Qwik Rise had authorized continued use at five Pennsylvania locations in exchange for surrender of the federal registration.

124. Qwik Rise disputes that any such agreement was reached because the proposed authorization depended on broader coexistence terms that remained unresolved.

125. The Operating Defendants continued using SUD'S FACTORY to advertise and sell services and memberships after the January 2026 Notice.

### I. THE MAY 2026 DEMAND AND SUBSEQUENT CORRESPONDENCE

126. On May 18, 2026, Qwik Rise sent a further cease-and-desist and litigation-hold demand requiring immediate cessation of challenged uses of SUD'S FACTORY in digital and other controllable media and removal of physical signage within thirty days.

127. The letter requested a transition plan and identification of the persons and entities responsible for the enterprise's operations, branding, and compliance.

128. The letter also demanded preservation of records concerning the challenged use of SUD'S FACTORY, ownership, revenues, profits, and financial transfers.

129. A true and correct copy of the May 18, 2026, demand is attached as Exhibit K.

130. In a May 29, 2026, response to further correspondence, counsel for Matisse relied on third-party "Suds" names, repeated the claim of permission, and disputed whether Qwik Rise could attribute any loss to Defendants' car washes.

131. On June 1, 2026, Qwik Rise responded that its claim concerned the composite mark SUD FACTORY and the documented confusion between the parties' businesses.

132. Third-party names such as SUDS BROTHERS, SUDS BUCKET, and SUDS DELUXE use different combinations, while Defendants' names retain the "Sud" and "Factory" combination and word order.

133. After Qwik Rise sent the infringement notices, the Operating Defendants continued using the challenged names in physical and digital marketing before the removal and rebranding described below.

**J. REBRANDING AND OWNERSHIP TRANSITION TO FLAGSHIP PENNSYLVANIA OPCO, LLC**

134. On June 26, 2026, counsel for the Sud's Factory Car Wash enterprise represented that all signage bearing "Sud's Factory" had been removed or covered.

135. On June 29, 2026, counsel represented that the Google listings for all locations had been updated to remove "Sud's Factory."

136. By the time Qwik Rise filed this action, the Sud's Factory Car Wash website (www.sudsfactorycarwash.com) was no longer operational.

137. In or about July 2026, a public-facing website at www.phillycarwashing.com announced that four Sud's Factory car-wash locations (Roosevelt Boulevard, Broomall, Fox Chase, and Feasterville) had joined Flagship Carwash.




138. The website also stated that existing Sud's Factory memberships would continue at those four locations.

139. True and correct copies of the website pages captured on October 6, 2026 and October 16, 2026, including the ownership-transition announcement, are attached as Exhibit L.

140. The website footer identified Flagship Pennsylvania Opco, LLC as the copyright owner.

141. The website also stated: "We are not affiliated with, sponsored by, or associated with Qwik Rise, LLC d/b/a Sud Factory of Waipahu, Hawaii. The Philly Car Washing and Sud Factory are independently owned and operated businesses offering different products and services."




142. The public announcement did not identify the sellers, transaction structure, consideration paid, or recipients of that consideration.

143. According to records of the Pennsylvania Department of State, Flagship Pennsylvania Opco, LLC is a Pennsylvania limited liability company with an address at 2 Mid America Plaza, Suite 450, Oakbrook Terrace, Illinois 60181, whose registered office in Pennsylvania is Corporation Service Company in Dauphin County, and whose listed governor is Spotless Brands Intermediate I, LLC.

144. The website identified the Sharon Hill location separately and stated that it would not be converted with the other four locations.

## K. REBRANDING AND OWNERSHIP TRANSITION TO DRIP DROP CAR WASH AND TOWN WASH HOLDINGS

145. Unlike the four locations that joined Flagship Carwash, the Sharon Hill location at 1205 Chester Pike, Sharon Hill, Pennsylvania 19079 now operates as the "Sharon Hill" location of Drip Drop Car Wash.



146. In or about August 2026, a public-facing website at www.dripdropcarwash.com listed the Sharon Hill location among its Drip Drop Car Wash locations. A true and correct copy of selected pages from that website, captured on October 23, 2026, is attached as Exhibit M.

147. According to records of the Pennsylvania Department of State, "Drip Drop Car Wash" is a registered fictitious name, not a separate legal entity.

148. On July 13, 2020, two fictitious-name registrations for "Drip Drop Car Wash" were filed. One (Fictitious Name No. 7088612) identifies Broomall Car Wash LLC as the interested entity. The other (Fictitious Name No. 7088603) identifies Fox Chase Car Wash LLC as the interested entity.

149. Each registration describes the business as an "Automatic car wash" and lists a principal address of 3582 Muirwood Drive, Newtown Square, Pennsylvania 19073. That is the same address listed as the registered office of Sud's Factory IP Holder LLC.

150. Both registrations were signed by Zach Weiss as "Co-Owner," and both remain active.

151. On January 9, 2026, Drip Drop IP Holder LLC was organized as a Pennsylvania limited liability company (Entity No. 15096601). Its registered office is 1205 Chester Pike, Sharon Hill, Pennsylvania 19079, which is the address of the Sharon Hill location.

152. Drip Drop IP Holder LLC follows the same structure Defendants used for SUD'S FACTORY, which placed claimed trademark rights in a separate "IP Holder" entity apart from the companies that operate the car washes.

153. The footer of the Drip Drop Car Wash website directs customers to "Connect with us!" and lists the telephone number (610) 772-8511 and the email address info@townwashholdings.com. A true and correct copy of the website footer is included in Exhibit M.




154. The email address info@townwashholdings.com uses the domain "townwashholdings.com," which redirects to the website www.townwashholding.com.

155. Upon information and belief, that domain and website are owned or operated by one or more of the Town Wash Holdings entities described below.

156. The website presents Sud's Factory Car Wash and Drip Drop Car Wash as its brands and identifies Fordham as a managing partner of its car-wash brokerage business. True and correct copies of select pages of that website are attached as Exhibit N.

157. For example, the "Our Brands" page of the website at www.townwashholding.com/brands identifies both "Sud's Factory Car Wash" and "Drip Drop Car Wash" as its brands.




158. The brokerage page of the same website, www.townwashholding.com/brokerage, identifies "K.C. Fordham" as "Managing Partner at Town Wash Brokerage" and

describes "his time owning and managing car washes of his own." A true and correct copy of that page is included in Exhibit N.




159. According to records of the Pennsylvania Department of State, three active Pennsylvania limited liability companies are registered under the Town Wash Holdings name:

Town Wash Holdings LLC (Entity No. 6894572), formed May 24, 2019;

Town Wash Holdings, II, LLC (Entity No. 7610163), formed September 22, 2022; and

Town Wash Holdings 3 LLC (Entity No. 13837222), effective May 3, 2024.

160. Caporale and Fordham are listed as the officers and governors of all three, and they are the organizers of Town Wash Holdings 3 LLC.

161. Each Town Wash Holdings entity lists its principal address as 851 Duportail Road, Chesterbrook, Pennsylvania 19087. That is also the address of Caporale and Fordham and the registered office of Chester Pike Car Wash LLC and Bustleton Pike Car Wash LLC.

162. Town Wash Holdings LLC's registered office, 6 Wellfleet Lane, Glen Mills, Pennsylvania 19342, is also the registered office of Broomall Car Wash LLC, Rhawnhurst Car Wash LLC, and Oxford Ave Car Wash LLC.

163. Upon information and belief, Caporale and Fordham continue to own, manage, or control the Sharon Hill location under the Drip Drop Car Wash name. They do so through a corporate structure that may include Town Wash Holdings LLC, Town Wash Holdings, II, LLC, Town Wash Holdings 3 LLC, Chester Pike Car Wash LLC, Broomall Car Wash LLC, Fox Chase Car Wash LLC, Drip Drop IP Holder LLC, or other related entities.

164. The ownership, management, and financial relationships among these entities, including any transfer of the Sharon Hill location, its customer memberships, or related goodwill, are within Defendants' knowledge and control and will be established through discovery.

### L. CONTINUING HARM

165. Before the rebranding, the Operating Defendants generated revenue from car-wash services and recurring car-wash memberships marketed under the challenged names.

166. Upon information and belief, that revenue did not stay with the Operating Defendants. Portions of it were paid to the Principal Defendants, Sud's Factory IP Holder LLC, the Town Wash Holdings entities, or other related entities through management fees, licensing payments, compensation, distributions, or other transfers.

167. Defendants and relevant nonparties maintain records identifying those revenues, associated expenses, and transfers, as well as any consideration paid for the locations, customer memberships, or goodwill conveyed in the Flagship and Drip Drop transitions.

168. The harm has not ended with the name changes. Reviews concerning Qwik Rise's products or business remain publicly accessible on the car-wash Google profiles and continue to attribute Qwik Rise's customer experiences to those businesses. Defendants' rebranding did not correct them.

## V. COUNTS

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(A))
### AGAINST ALL DEFENDANTS

169. Qwik Rise incorporates the preceding allegations as though fully set forth herein.

170. Qwik Rise owns valid and subsisting U.S. Registration No. 7,847,243 for SUD FACTORY.

171. After that registration issued, the Operating Defendants continued using SUD'S FACTORY to advertise and sell car-wash services and recurring car-wash memberships without Qwik Rise's express or implied authorization.

172. Sud's Factory IP Holder LLC asserted rights in the SUD'S FACTORY mark and permitted or facilitated the Operating Defendants' continued use of the challenged names.

173. Matisse participated in branding and trademark matters through Caporale and Fordham. Caporale and Fordham personally participated in and authorized the challenged use, including by adopting "Sud's Factory Car Wash" as a multi-location brand through the September 2025 fictitious-name filing.

174. SUD'S FACTORY and SUDS FACTORY are nearly identical to Qwik Rise's registered SUD FACTORY mark. The parties offer commercially related automobile-cleaning products and services to overlapping consumers through overlapping commercial channels.

175. Defendants' use of the challenged names was likely to cause confusion concerning the source, sponsorship, affiliation, connection, association, or approval of Defendants' services.

176. Actual confusion followed. Consumers posted reviews intended for Qwik Rise to the car-wash business's profiles, and consumers contacted Qwik Rise to cancel car-wash memberships that Qwik Rise never offered or sold.

177. Defendants knew of that confusion no later than February 21, 2024, when Caporale told Qwik Rise that customers were leaving reviews intended for Qwik Rise on a monthly basis.

178. Defendants kept using the challenged names anyway. In September 2025, nineteen months after Caporale's report and after the TTAB cancelled Registration No. 6,796,508, Caporale and Fordham signed a Pennsylvania Department of State fictitious-name filing formalizing the same brand for multiple locations.

179. Caporale, Fordham, Matisse, and Sud's Factory IP Holder LLC received actual notice of Qwik Rise's registration of its SUD FACTORY mark, and of Qwik Rise's infringement claims, through Qwik Rise's January 16, 2026, letter and again through its May 18, 2026, demand. Upon information and belief, Caporale and Fordham managed or controlled the Operating Defendants, and their knowledge is attributable to those entities.

180. The Operating Defendants nonetheless kept selling car-wash services and memberships under the challenged names until the rebranding described above.

181. Defendants chose to continue the confusing use with that knowledge. That choice was willful or, at a minimum, in reckless disregard of Qwik Rise's rights.

182. Because those demands gave actual notice of the registration, Qwik Rise seeks profits and damages under this Count for periods that satisfy 15 U.S.C. § 1111.

183. Defendants infringed Qwik Rise's registered mark in violation of 15 U.S.C. § 1114(1)(a).

184. Defendants' infringement confused consumers, impaired Qwik Rise's control over its reputation and goodwill, and, upon information and belief, generated profits attributable to the challenged use.

185. Qwik Rise seeks the monetary and equitable relief specified below, including an accounting and recovery of each liable Defendant's attributable profits.

## COUNT II: FALSE DESIGNATION OF ORIGIN, FALSE ASSOCIATION, AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(A)
## AGAINST ALL DEFENDANTS

186. Qwik Rise incorporates the preceding allegations as though fully set forth herein.

187. Qwik Rise has continuously used SUD FACTORY in commerce since June 2019. That use created valid and protectable rights in the mark before Defendants began using SUD'S FACTORY or SUDS FACTORY.

188. The Operating Defendants used the challenged names as designations of origin for their car-wash services, recurring memberships, locations, and related commercial activities.

189. Sud's Factory IP Holder LLC permitted or facilitated that use. Matisse, Caporale, and Fordham participated in and authorized the common branding as alleged above.

190. Defendants' use of the challenged names falsely suggested that their car-wash enterprise was affiliated, connected, associated, sponsored, approved, or commonly owned with Qwik Rise and its SUD FACTORY products.

191. As alleged above, Defendants' use caused actual confusion in both directions.

192. Defendants' use constitutes false designation of origin, false association, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

193. Upon information and belief, that false association benefited the Operating Defendants' commercial activities while impairing Qwik Rise's ability to control the goodwill generated by its own sales and advertising.

194. Caporale, Fordham, and the entities they controlled chose to continue the challenged use after learning of the recurring confusion and Qwik Rise's prior rights. That choice was willful or, at a minimum, in reckless disregard of those rights.

195. Those violations proximately injured Qwik Rise's commercial interests in its reputation, goodwill, and sales.

196. This Count reaches Defendants' conduct both before and after Qwik Rise's registration issued, and Qwik Rise seeks the relief specified below for all proven violations, whether or not found willful.

## COUNT III: PENNSYLVANIA COMMON-LAW TRADEMARK INFRINGEMENT AGAINST ALL DEFENDANTS

197. Qwik Rise incorporates the preceding allegations as though fully set forth herein.

198. Qwik Rise acquired common-law rights in SUD FACTORY through its continuous use of the mark since June 2019, including sales and advertising directed to Pennsylvania

consumers, before Defendants began using SUD'S FACTORY or SUDS FACTORY to offer car-wash services and recurring car-wash memberships.

199. Defendants used the challenged names in Pennsylvania to identify, advertise, and sell car-wash services and recurring memberships without Qwik Rise's authorization.

200. The challenged names are confusingly similar to SUD FACTORY and were used for commercially related automobile-cleaning services.

201. As alleged above, Defendants' use caused actual confusion concerning the source, affiliation, sponsorship, or approval of the parties' businesses and offerings.

202. Caporale, Fordham, and the entities they controlled continued that use after learning of the recurring confusion and Qwik Rise's prior rights. That conduct was willful or, at a minimum, in reckless disregard of those rights.

203. Defendants infringed Qwik Rise's common-law trademark rights under Pennsylvania law.

## COUNT IV: PENNSYLVANIA COMMON-LAW UNFAIR COMPETITION AGAINST ALL DEFENDANTS

204. Qwik Rise incorporates the preceding allegations as though fully set forth herein.

205. Qwik Rise developed substantial goodwill in SUD FACTORY through its prior use, sales, advertising, and customer recognition.

206. Defendants used the nearly identical challenged names to present the car-wash locations and memberships as a single brand, which led consumers to associate that brand with Qwik Rise.

207. That false association led consumers to credit the car-wash enterprise with customer experiences involving Qwik Rise and exposed Qwik Rise's reputation to services and business practices outside its control.

208. After the TTAB cancelled Registration No. 6,796,508, Caporale, Fordham, and Bustleton Pike Car Wash LLC formally adopted "Sud's Factory Car Wash" as a brand for multiple Philadelphia-area locations. Defendants then continued using that brand to generate sales.

209. Defendants knowingly traded on the consumer recognition and goodwill associated with SUD FACTORY and interfered with Qwik Rise's ability to control its mark and reputation.

210. Caporale, Fordham, and the entities they controlled perpetuated the false association and diversion of goodwill after learning of the recurring confusion and Qwik Rise's rights. That conduct was willful or, at a minimum, in reckless disregard of those rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Qwik Rise respectfully prays for judgment against Defendants as follows:

A. Judgment that Defendants violated 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A) and committed trademark infringement and unfair competition under Pennsylvania common law;

B. An accounting of each Defendant's sales, gross receipts, claimed costs and deductions, profits, payments, distributions, and other financial benefits attributable to the challenged use;

C. Recovery under 15 U.S.C. § 1117(a), subject to the principles of equity, of each liable Defendant's profits attributable to the infringement, including transaction-related gains attributable to the infringement and received by that Defendant;

D. Compensatory damages for Qwik Rise's losses caused by Defendants' infringement and unfair competition, including lost sales and profits, injury to goodwill, and reasonable corrective-advertising and other corrective expenses;

E. Enhancement of the monetary award under 15 U.S.C. § 1117(a) in the amount the Court finds just;

F. A finding that this is an exceptional case and an award of Qwik Rise's reasonable attorneys' fees under 15 U.S.C. § 1117(a);

G. Qwik Rise's costs of suit and prejudgment and post-judgment interest as permitted by law;

H. A permanent injunction prohibiting Defendants and persons acting in active concert with them from resuming use of SUD'S FACTORY, SUDS FACTORY, or any confusingly similar designation in connection with automobile-cleaning goods or services;

I. An order requiring Defendants to remove or correct any remaining use of the challenged names from websites, domains, social media, online listings, customer platforms, advertising, or other commercial materials within their possession, custody, or control;

J. An order requiring Defendants to remove, to the extent within their control, customer reviews concerning Qwik Rise's products or business that were mistakenly posted to Defendants' Google Business Profiles because of the confusion alleged herein, as identified in discovery or otherwise, and, where removal requires Google's action, to submit and diligently pursue removal requests for those specifically identified reviews, including by providing Google with a copy of the Court's order;

K. An order requiring Defendants to file a sworn report confirming compliance with the Court's injunctive relief; and

L. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Paul M. Midzak*

Paul M. Midzak
PA ID No. 310447
HARBORSTONE LAW LLP
40 W. Evergreen Ave., Suite 101
Philadelphia, PA 19118

Dated: October 29, 2026

*Attorneys for Plaintiff*